7-15-2015

Fourth Court of Appeals
300 Dolorosa, Ste 3200
San Antonio, TX 78205-3037

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 JUL 20 PM 1:10
KEITH E. HOTTLE·CLERK

RE: Court of Appeals Number: 04-15-00363-CV
Trial Court Case Number: 2014-CC-12457
Style: John M Donohue

                    v

Perla Dominguez and Kevin Hakata

Please Find enclosed Appendix as requested in letter
dated July 8, 2015 from Celina Barbosa. I apologize for not
understanding exactly what you are requesting.

Sincerely,
John M Donohue, Pro Se
Duncan Unit 1885023
1502 South 1st St
Diboll, TX 75941

APPENDIX

CAUSE NO. 04-15-00068-CV

| TABLE of CONTENTS | PAGE |
|---|---|

1. Disclaimer ... 1

2. Court Order ... 2

3. Response to Interrogatories ... 3

4. Section 101.106, 101.106(f) ... 7

5. Section 1C.01(c) Penal Code ... 8

Disclaimer

I, John McDonville, Plaintiff, filed an affidavit of inability to pay with Plaintiff's notice of appeal. Plaintiff does not have access to equipment or the ability to produce:

1. Court Reporter's Record (there is no Record per the Fourth Court of Appeals)

2. Chapter 11 - Damages, Texas Civil Practice + Remedies Code

3. Texas Constitution - It has been removed from the Law Library by the Law Librarian. Not required to hold

John McDonville, pro se


2014CI12457 -0057

Cause No. 2014-CI-12457

| | | |
|---|---|---|
| JOHN M. DONOHUE,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | |
| | § | 57th JUDICIAL DISTRICT |
| SAN ANTONIO POLICE | § | |
| DEPARTMENT; SAN ANTONIO CHIEF | § | |
| OF POLICE; OFFICER DOMINGUEZ, | § | |
| BADGE #798; OFFICER JOHN DOE; | § | |
| BEXAR COUNTY EMS; | § | |
| INDIVIDUALLY AND IN THEIR | § | BEXAR COUNTY, TEXAS |
| OFFICIAL CAPACITY, | § | |
| *Defendants* | § | |

## ORDER

CAME ON THIS DAY TO BE HEARD Defendant Perla Dominguez's Motion to Dismiss and Defendant Kevin Nakata's Motion to Dismiss and upon consideration of said Motion, the papers in this cause and the relevant law, it being deemed that good cause exists for granting same;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Perla Dominguez's Motion to Dismiss and Defendant Kevin Nakata's Motion to Dismiss are GRANTED. All of Plaintiff's claims against Perla Dominguez and Kevin Nakata are dismissed with prejudice. ~~This is a Final Judgment.~~ LS

Signed this 8th day of January, 2015.

_____
DISTRICT JUDGE

Cause No. 2014-CI-12457

| | | |
|---|---|---|
| JOHN M. DONOHUE,<br>*Plaintiff*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | |
| | § | 57th JUDICIAL DISTRICT |
| SAN ANTONIO POLICE<br>DEPARTMENT; SAN ANTONIO CHIEF<br>OF POLICE; OFFICER DOMINGUEZ,<br>BADGE #798; OFFICER JOHN DOE;<br>BEXAR COUNTY EMS;<br>INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITY,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## DEFENDANT PERLA DOMINGUEZ'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   John M. Donohue, Plaintiff
      Duncan Unit
      1502 South 1st Street
      Diboll, Texas  75941

NOW COMES Defendant, Perla Dominguez, and pursuant to the Texas Rules of Civil

Procedure provides these her Answers and Objections to Plaintiff's First Set of Interrogatories in

relation to the above-referenced lawsuit.

Respectfully submitted,

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas  78283-1121
(210) 207-7259
(210) 207-8997 – Facsimile

Mark Kosanovich
SBN 00788754

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

       I hereby certify that on the 12th day of December 2014, the foregoing has been served to the following interested person by U.S. Mail:

| | |
|---|---|
| John M. Donohue #1895073<br>Duncan Unit<br>1502 South 1st Street<br>Diboll, Texas 75941 | _[signature]_<br>MARK KOSANOVICH |

# DEFENDANT'S RESPONSES

1.    State your qualifications as a police officer.

Response:   Defendant objects to Interrogatory No. 1.   The request seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence and is over broad.   The request also fails to identify the information sought with reasonable particularity.   However, without waiver of the foregoing objections, Defendant is a licensed peace officer in the State of Texas.

2.    Give your job description and extent of your authority.

Response:   Defendant objects to Interrogatory No. 2.   The request seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence and is over broad.   The request also fails to identify the information sought with reasonable particularity.   However, without waiver of the foregoing objections, Defendant is a licensed peace officer in the State of Texas.

3.    State any disciplinary actions taken against you.

Response:   Defendant objects to Interrogatory No. 3.   The request seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence and is over broad.   The request also fails to identify the information sought with reasonable particularity.   Defendant also objects because the request seeks the production of information that is protected from disclosure pursuant to TEX. LOCAL GOV'T CODE §143.089(g).

4.    Have any lawsuits been filed against you? If so, for what reason and what was the outcome of the suit.

Response:   Defendant objects to Interrogatory No. 4.   The request seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence and is over broad.   Defendant also objects because the information sought by Plaintiff is not relevant to the claims in this suit.   Therefore, Defendant objects to the request.

5.    Have you ever been under the care of psychiatrist or psychologist?

Response:   Defendant objects to Interrogatory No. 5.   The request seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence and is over broad.   Defendant also objects because the information sought by Plaintiff is not relevant to the claims in this suit.   Therefore, Defendant objects to the request.

6.    What crime was Donohue committing when you encountered him?

Response:   Plaintiff was not committing a crime when he was first encountered.

*SEE CR 16, 17 - III*

*APP. 5*

7.     When throwing plaintiff to the ground, while in the process of placing handcuffs, did you intend to injure Plaintiff? And if so, were the injuries the intended injuries.

Response: Defendant objects to Interrogatory No. 7. The interrogatory assumes facts not in evidence and is worded in an argumentative manner. However, without waiver of the foregoing objection, Defendant did not cause or intend to cause Plaintiff an injury.

8.     What was your reason for personally transporting Plaintiff to University Hospital rather than have EMS determine the extent of injuries and take appropriate action based on medical needs, rather than your personal, non-medical decision?

Response: Defendant objects to Interrogatory No. 8. The interrogatory assumes facts not in evidence and is worded in an argumentative manner. However, without waiver of the foregoing objection, Plaintiff was transported to University Hospital because he met the criteria for an emergency detention.

9.     What were you feeling emotionally when you physically engaged Plaintiff and in your statements that you were "glad" he was hurting?

Response: Defendant objects to Interrogatory No. 9. The interrogatory assumes facts not in evidence and is worded in an argumentative manner. The request seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence and is over broad. The request also fails to identify the information sought with reasonable particularity.

10.     What provoked you into a heightened emotional state of rage?

Response: Defendant objects to Interrogatory No. 10. The interrogatory assumes facts not in evidence and is worded in an argumentative manner. The request, as stated, is harassing.

11.     Do you feel remorse for your actions against Plaintiff and the resultant permanent disfigurement to his arms that was caused by your aggression?

Response: Defendant objects to Interrogatory No. 11. The interrogatory assumes facts not in evidence and is worded in an argumentative manner. The request, as stated, is harassing.

Section 101.106 Election of Remedies

Texas Civil Practice and Remedies Code

§ 101.106. Election of Remedies

(f) If a suit is filed against an employee of a governmental unit based on conduct within the scope of that employee's employment, and it is could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the motion is filed.

Section 12.01 (c)

Penal Code

Section 12.01 (c) — This chapter does no deprive a court of authority conferred by law... to impose any other civil penalty. (Chapter 12 Punishment, §12.01 (c), Penal Code.